## French & Potter Co. et al.

### v.

## William C. Duncan.

*Trespass—Fraudulent Cales.*

A writ of attachment having been sued out and levied upon certain goods purchased by plaintiff from a debtor of defendant, such sale being alleged to have been fraudulent as to the creditors of the seller, this court holds, the fact being that at the time of the levy the sheriff also levied another writ of attachment on the same goods, indorsing on the back of each writ the same list of goods, that defendant herein can not evade responsibility by showing that others participated in the trespass by suing out and having levied upon the goods other writs, and that it is liable in the full amount of the judgment rendered.

[Opinion filed May 25, 1893.]

Appeal from the Circuit Court of Lee County; the Hon. James Shaw, Judge, presiding.

Messrs. A. K. Truesdell and Smith, Helmer & Moulton, for appellants.

Messrs. Morrison & Wooster, for appellee.

Mr. Justice Harker. The French & Potter Company, a creditor of George W. Duncan, caused a writ of attachment to be sued out of the Circuit Court of La Salle County, which was placed in the hands of George F. Stainbrook, sheriff of Lee County, and levied upon a portion of a stock of goods which appellee had purchased of George W. Duncan, and was then retailing at Dixon, Illinois.

The goods, valued at $1,053.40 were taken by the sheriff and disposed of under the writ. Appellee brought suit in trespass against the company and sheriff and recovered a judgment in the Circuit Court for $1,053.43.

The facts in this case are substantially the same as in the

foregoing case. The reason for refusing to disturb the finding of the jury in that case, as being against the weight of the evidence, are fully set forth in the opinion. Not caring to repeat them, reference is made to the opinion therein filed.

Appellants here made several additional points of contention. To the one that the court erred in refusing to allow appellants to cross-examine appellee as to the consideration of the bill of sale made by George W. Duncan to him, we attach but little importance, because they subsequently placed him upon the witness stand and were allowed the greatest latitude in their examination of him upon that subject.

There was no error in permitting appellee to testify as to the fair market value of the goods taken. Appellants insist that inasmuch as the goods were levied upon by virtue of two writs of attachment, the French & Potter Company could not be held liable for all the goods taken. At the time of the levy the sheriff also levied another writ of attachment on the same goods. He took the goods and indorsed on the back of each writ the same list.

Appellants could not evade responsibility by showing that others participated in the trespass by suing out and having levied upon the goods other writs, and appellee was not compelled to piecemeal his recovery of damages for the trespass.

The instructions given for the plaintiff were in harmony with the decisions of our Supreme Court and were warranted by the evidence.

We see no good reason for reversing the judgment.

*Judgment affirmed.*